(53 Misc. Rep. 296)

### GRAFF et al. v. BLUMBERG.

(Supreme Court, Appellate Term. March 14, 1907.)

**1. TRIAL—DISMISSAL OF CASE—CONSTRUCTION OF PLAINTIFF'S EVIDENCE.**

The evidence of plaintiff on the dismissal of his case at the close of his proof is entitled not only to belief, but to all favorable inferences that can reasonably be drawn therefrom.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 374.]

**2. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—WRONGFUL DISCHARGE.**

In an action for breach of contract of employment, plaintiff testified that defendant's manager agreed to employ plaintiff for a specified time at a specified sum per week, and showed a memorandum written on defendant's letter paper containing the terms of the agreement. Plaintiff showed that he worked for some time under the contract and was paid accordingly, and that subsequently defendant refused to give him more work, though he was ready to do it. *Held* to prima facie establish a cause of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 49.]

**3. SAME—DEFENSE.**

An employé, suing for a breach of contract of employment, need not,. to establish his case, show that other employment was sought and could not be obtained; that being a matter for the employer to show in reduction of damages.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 54.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Abraham Graff and another against Jacob Blumberg. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Joseph M. Herzberg, for appellants.
Herman S. Fried, for respondent.

GILDERSLEEVE, P. J. The complaint alleges that plaintiffs are copartners in business; that on or about September 17, 1906, plaintiffs and defendant made an agreement whereby the plaintiffs undertook to render their services to defendant for the alteration, repairing, and pressing of all garments which defendant should send them for such purposes from September 17, 1906, to January 1, 1907, in consideration whereof defendant agreed to pay them for their services at the rate of $12 each week, and to pay in addition thereto for all findings supplied by said plaintiffs on such garments; that plaintiffs entered on the performance of said agreement and duly discharged all the duties thereof until October 29, 1906, and have ever since been and still are ready and willing to perform all the conditions of said agreement on their part; that defendant then (on October 29th) refused, and still refuses, to allow them so to do or to pay them therefor, to their damage in the sum of $121.92, for which sum, together with costs, plaintiffs demand judgment. In their bill of particulars plaintiffs itemize their damage as follows:

| | |
|---|---:|
| Oct. 29, 1906, to Jan. 1, 1907, 9 weeks, at $12 per week................ | $108 00 |
| Sept. 17, to Oct. 29, 6 weeks, unpaid $2.............................. | 12 00 |
| Findings supplied by plaintiffs on garments......................... | 1 92 |
| Total ............................................................ | $121 92 |

The answer is practically a general denial, except that it admits that "some understanding" was entered into between the parties, and it counterclaims $27 by reason of an alleged failure of plaintiffs to do the work given to them by defendant. One of the plaintiffs took the stand and testified:

"I worked some time before for the Lennox Company [defendant] on a small salary, and he [Kahn, defendant's manager] calls up on that day [September 17, 1906] and made an agreement for $12 a week up to January 1st for alterations, pressing, and sewing, and to hold off $2 each week up to January 1st on account that we should not break the contract. The defendant said, as to the findings to be supplied on the garments, that we are supposed to be paid."

A memorandum written on defendant's letter paper was introduced in evidence, which is conceded to be signed by defendant's manager, which memorandum reads as follows:

"Sept. 17, 1906.

"We hereby agree to pay Mess. Graff & Frankel the sum of thirty (30) dollars, two (2) dollars extra each week, from this date until Jan. 1, 1907, if said Graff & Frankel continue to do all our work (alterations, pressing, etc.) satisfactorily during said time.
"[Signed]  Lennox Clothing Co., Isidore Kahn, Mgr."

Plaintiffs further showed that they worked about four weeks after September 17th, were paid $10 a week, but were supposed to get $12, defendant taking off $2, and that defendant refused to give more work, although plaintiffs were ready and willing to do the work. At the end of plaintiffs' testimony the court dismissed the complaint for failure of proof, without prejudice to the bringing of another action.

As the complaint was dismissed on plaintiffs' evidence alone, that evidence is entitled, not only to belief, but to all favorable inferences that can reasonably be drawn therefrom. While the testimony cannot be regarded as entirely satisfactory, we think plaintiffs made out a prima facie case.

The counsel for the appellants states that the reason given by the justice for dismissing the complaint was that the plaintiffs had not affirmatively shown that they had tried to find other employment and had been unable to find any. If this were the reason for the dismissal, the learned justice fell into error. The plaintiffs were not bound to show affirmatively, as part of their direct case, that such employment was sought and could not be found. It was for the defendant, as part of the defense, to show either that the plaintiffs had found employment elsewhere, or that other and similar employment had been offered and declined, or that such employment might have been found. In an action to recover damages for the breach of a contract, the plaintiff is, prima facie, damaged to the extent of the amount stipulated to be paid. Howard v. Daly, 61 N. Y. 362, 371, 19 Am. Rep. 285; Milage v. Woodward, 186 N. Y. 252, 78 N. E. 873. The court, in the case of Milage v. Woodward, supra, further stated:

> "Upon the breach by an employer of a contract of employment by discharging the employé before the expiration of his term of service, the latter is only bound to use reasonable diligence to procure other employment of the same kind, in order to relieve the employer as much as possible from a loss consequent upon the breach. He is not bound to look for or accept occupation of another kind. Fuchs v. Koerner, 107 N. Y. 529, 14 N. E. 445. It is clear that the defendant did not sustain the burden of proof resting upon him to show that the plaintiff found or could have found employment elsewhere."

We think, in the interests of justice, a new trial should be granted.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.